**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action **No. 09-cv-1463-AP**

**CENTER FOR NATIVE ECOSYSTEMS,
BIODIVERSITY CONSERVATION ALLIANCE,
CENTER FOR BIOLOGICAL DIVERSITY,
DEFENDERS OF WILDLIFE**, and
**NATURAL RESOURCES DEFENSE COUNCIL**,

 Petitioners,

v.

**KEN SALAZAR**, Secretary of the U.S. Department of the Interior, and
**ROWAN GOULD**, Acting Director of the U.S. Fish and Wildlife Service,

 Federal Respondents,

 and

**STATE OF WYOMING, WYOMING FARM BUREAU FEDERATION**, and
**WYOMING STOCK GROWERS ASSOCIATION**,

 Respondent-Intervenors.

---

**ORDER**

---

 This matter is currently before me on Federal Respondents' Motion for a Stay of Proceedings (doc. 61). Originally, briefing in this case was to commence on August 30, 2011, but owing to a variety of circumstances this matter has been stayed three times. The Federal Respondents' and Respondent-Intervenors' Opening Briefs are currently due on March 7, 2011. Federal Respondents seek an additional stay of sixty days, citing the need for more time to complete pending settlement discussions which promise to resolve this case in its entirety. The State of Wyoming opposes a further stay of these proceedings, citing the fact that this matter has

already been substantially delayed, that no settlement discussions have commenced, and that it will be excluded from any future settlement discussion that may occur.

The State of Wyoming's objections are well-taken. The delay in these proceedings has been substantial. Although much of that delay was due to a significant intervening event (the decision of the U.S. District Court for the District of Montana in *Defenders of Wildlife v. Salazar*, 729 F. Supp. 2d 1207 (D. Mont. 2010)), some of the delay owes to counsel's personal concerns. The State of Wyoming's allegation that no settlement discussions have commenced is even more troubling. Nearly forty-five days have passed since the last extension was granted, and it is unclear what, if anything, counsel have done to ensure the expeditious resolution of this controversy.

Notwithstanding these legitimate concerns, I accept as true Federal Respondents' representation that the requested sixty-day stay will enable them to achieve a settlement agreement that will resolve this matter in its entirety. All parties should be advised, however, that I am not inclined to grant any further extensions of time delaying the briefing schedule in this case – even those which are unopposed. I strongly urge the parties to either resolve this controversy or prepare to litigate.

I also find meritorious the State of Wyoming's contention that it is being wrongfully excluded from settlement negotiations. Because the State of Wyoming has intervened as a matter of right, it is entitled to protect its sovereign interest in this matter.

Accordingly, the Federal Respondents' Motion for a Stay of Proceedings is GRANTED. The revised schedule for the balance of the parties' merits briefs is as follows:

    Deadline for Federal Respondents' Opening Merits Brief:  **May 6, 2011**
    Deadline for Respondent-Intervenors' Opening Merits Brief:  **May 6, 2011**
    Deadline for Petitioners' Reply Merits Brief:  **June 29, 2011**

It is FURTHER ORDERED that the State of Wyoming shall be permitted to participate fully in any settlement discussions that may occur between the parties.

Dated:  March 4, 2011                                        BY THE COURT:

**/s/ John L. Kane**

Senior U.S. District Judge